UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Robert Dale Smart, #272017, | ) | |
|---|---|---|
| | ) | C/A No.: 8:08-cv-03918-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Cecilia Reynolds, | ) | (Written Opinion) |
| Warden of Kershaw Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge Bruce H. Hendricks's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on October 21, 2009. The magistrate recommends that this Court grant Respondent's Motion for Summary Judgment, deny both Petitioner's Motion for an Evidentiary Hearing and Petitioner's Motion for a Subpoena, and dismiss Petitioner's Habeas Petition under 28 U.S.C. § 2254 ("Habeas Petition") with prejudice. For the reasons stated herein, this Court adopts the magistrate's recommendation in its entirety.

**Background**

Petitioner filed his Habeas Petition on December 3, 2008. Respondent filed a Motion for Summary Judgment on April, 10, 2009. On April 14, 2009, the magistrate judge, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

advised Petitioner of the procedure and possible consequences if he failed to respond. Petitioner filed a Response in opposition to Respondent's motion on May 18, 2009.

On October 21, 2009, the magistrate issued her Report and Recommendation. Petitioner did not file any objections to this Report and Recommendation. However, Petitioner did file a Motion to Dismiss Without Prejudice before objections to the report were due.[1]

**Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those

---

[1] Petitioner also filed a second Motion to Dismiss Without Prejudice on December 2, 2009, well outside the time frame for filing objections. This motion appears to do nothing more than expound on Petitioner's first Motion to Dismiss. Therefore, both motions will be disposed of in tandem.

portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

## Discussion

Petitioner filed no objections to the magistrate's Report and Recommendation. However, given that courts liberally interpret *pro se* filings, this Court will construe Petitioner's Motion to Dismiss Without Prejudice as an objection to the magistrate's recommendation that this Court dismiss Petitioner's Habeas Petition with prejudice.

In his Motion to Dismiss, Petitioner requests that this Court dismiss the case without prejudice so he may return to state court and exhaust his administrative remedies. However, the record reveals that Petitioner has exhausted all state remedies available to challenge the conviction at issue in his Habeas Petition. Petitioner has appealed his conviction through the state courts. Additionally, if he filed a new application for post-conviction relief, it would be untimely and successive. *See* S.C. Code Ann. §§ 17-27-45, and -90. Given that state remedies have been exhausted, a dismissal with prejudice is appropriate in this case. *See, e.g.*, *Bilal v. Smith*, 104 Fed. App'x 324 (4th Cir. 2004); *Spires v. Knowlin*, No.

9:09-1531-CMC-BM, 2009 WL 1930006, at *4 (D.S.C. July 1, 2009). *See generally, Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (holding that dismissal with prejudice is appropriate when no set of facts would entitle a litigant to relief).

Therefore, after a review of the Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED that Respondent's Motion for Summary Judgment is GRANTED; and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's Motion for an Evidentiary Hearing, Petitioner's Motion for a Subpoena, and Petitioner's Motions to Dismiss are DENIED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 9, 2009
Anderson, South Carolina

# CERTIFICATE OF APPEALABILITY[2]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

---

[2] On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254 Rule 11(a).